UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMIMA AKTAR,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, NA,<br>Defendant. | Case No.18-cv-05540-JSC<br><br>**SCREENING ORDER** |

Plaintiff Shamima Aktar, proceeding pro se, filed this action alleging claims under the Whistleblower Protection Act and state law against her former employer Wells Fargo Bank, NA. (Dkt. No. 1.) The Court previously granted her application to proceed in forma pauperis and reserved to a later time evaluation of the Complaint under 28 U.S.C. § 1915.[1] (Dkt. No. 4.) Having reviewed the Complaint, the Court orders Plaintiff to show cause as to this Court's subject matter jurisdiction over this action.

## BACKGROUND

Plaintiff alleges that she was terminated from her employment with Wells Fargo on June 20, 2017 out of retaliation for whistleblowing regarding unethical business practices. (Dkt. No. 6 at 2-3.) Plaintiff alleges that she was terminated after a customer contacted customer service and complained that Plaintiff had accessed his account without his permission, although she had not done so. (*Id*. at 3.) Plaintiff alleges that this was a "Trap for me so that Wells Fargo customer calls and it will be easy for them to fire me" and that "Wells Fargo bank, without looking for any other reasonable options, made a very drastic decision to fire me without properly & reasonably

---

[1] Plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 5.)

investigating the complete incident." (*Id.*) Plaintiff alleges she never had any problems until she complained about her Area Managers to the Wells Fargo CEO, HR, and Chief Risk Officer. (Id.)

Plaintiff filed this action alleging a claim under the Whistleblower Protection Act on September 10, 2018. (Dkt. No. 1.) The complaint was accompanied by an application to proceed in forma pauperis, which the Court granted. (Dkt. Nos. 2 & 4.) Plaintiff thereafter filed her First Amended Complaint pleading three claims for relief: (1) violation of the Whistleblower Protection Act, 5 U.S.C. § 2302; (2) violation of California Labor Code § 1102.5; and (3) California Labor Code § 1106.

## LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Further, as courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). In most cases, original federal subject matter jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction.

Here, Plaintiff pleads federal question jurisdiction based on her Whistleblower Protection Act ("WPA") claim. The WPA prohibits retaliation against an employee for disclosing "any violation of any law, rule, or regulation, or...gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). "The applicable statutes and regulations establish a comprehensive scheme whereby federal employees can obtain administrative and judicial review of their WPA claims." *Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016), cert. denied sub nom. *Kerr v. Haugrud*, 137 S. Ct. 1365 (2017). Generally, WPA claims must first be presented to either the Office of Special Counsel (OSC) or the Merit Systems Protection Board ("MSPB"). *See id.* (citing 5 U.S.C. §§ 1214, 1221(a); 5 C.F.R. § 1209.2). But "[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *See Kerr v. Jewell*, 836 F.3d 1048, 1057 (9th Cir. 2016), cert. denied sub nom. *Kerr v. Haugrud*, 137 S. Ct. 1365 (2017) (quoting *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002).). Instead, because the administrative scheme "allocate[s] initial review to an administrative body"—the MSPB—rather than the district court" has "exclusive original jurisdiction over [a] WPA claim." *Kerr*, 836 F.3d at 1058.

Here, however, Plaintiff's complaint contains no allegations that she sought review with the OSC or MSPB prior to bringing her suit in federal district court. Plaintiff alleges that after she complained to the office of Wells Fargo CEO, HR, and the Chief Risk Officer, Wells Fargo created a team to fire her. (Dkt. No. 6 at 3.) Plaintiff does not allege that she filed any sort of administrative proceeding following her termination in July 2017. As such, Plaintiff's complaint fails to demonstrate that the Court has jurisdiction over her WPA claim.[2]

Because the Court lacks jurisdiction to hear Plaintiff's WPA claim absent exhaustion

---

[2] In addition, while the Court need not reach this issue since Plaintiff's failure to exhaust before the MSPB divests the Court of jurisdiction, the Court also notes that the WPA only applies to federal employees of executive agencies. *French v. Washington State Dep't of Health*, 735 F. App'x 367 (9th Cir. 2018) (holding that the district court properly dismissed a WPA claim brought by a former employee of the Washington State Department of Health); *see* 5 U.S.C. § 2302(a)(2)(B)-(C) (the WPA applies only to federal employees in a "covered position" in an "executive agency"). Plaintiff has not alleged that she was a federal employee during the relevant events; rather, she identifies herself as Wells Fargo employee.

before the MSPB, Plaintiff has not established jurisdiction based on federal question jurisdiction. Plaintiff may, however, be able to establish diversity jurisdiction over her state law claims under California Labor Code §§ 1102.5 and 1106. To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331. To establish diversity jurisdiction, Plaintiff would need to allege damages in excess of $75,000—which she has through her demand for $50 million—and her citizenship as well as that of Wells Fargo—which she has not.

**CONCLUSION**

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to how the Court has subject matter jurisdiction over this action. Plaintiff can establish subject matter jurisdiction either by demonstrating that she exhausted her WPA claim with the OSC or MSPB prior to bringing suit or by demonstrating that diversity jurisdiction exists. **Plaintiff shall show cause in writing on or before November 6, 2018.** If Plaintiff fails to respond or her response fails to establish a basis for federal subject matter jurisdiction, the Court will prepare a report and recommendation recommending that a district judge dismiss the action for lack of jurisdiction.

Plaintiff may contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding her claims.

**IT IS SO ORDERED.**

Dated: October 16, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4